Environmental Court of Vermont
State of Vermont

===============================================================
E N T R Y   R E G A R D I N G   M O T I O N
===============================================================

In re: Costco Act 250 Permit Amendment          Docket No. 143-7-09 Vtec
Project:       Expansion of existing Costco/Colchester facilities
Applicant:     Costco Wholesale Corp. and Lake Champlain Trans. Co.
               (Appeal from Dist #4 Env. Commission,
                Costco Permit amendment #4C0288-19B)

Title: Motion for Additional Party Status (Filing No. 1)

Filed:       July 23, 2009; Supporting Memorandum filed July 27, 2009.

Filed By: Pietro J. Lynn and David Grayck, Co-Counsel for Timberlake Assoc.

Response filed on 08/13/09 by Cross Appellant Costco Wholesale Corp.


Granted (as to criteria 5 & 9(K)); Denied (as to remaining requested criteria).

       Timberlake Associates ("Timberlake") appeared and participated in the proceedings before the District #4 Environmental Commission ("District Commission") concerning the request by Co-Applicants Costco Wholesale Corp. and Lake Champlain Trans. Co. ("Costco") for Act 250 authority to expand their pre-existing retail/wholesale facility off of Routes 2 and 7 (also known as the Roosevelt Highway) in Colchester.  In its Findings of Fact, Conclusions of Law and Order of June 23, 2009, the District Commission granted Timberlake's request for party status under Act 250 criteria 5 and 9(K), as *Friends of the Commission,*" pursuant to 10 V.S.A. § 6085(c)(5).  The District Commission specifically granted Timberlake's request for full party status under Act 250 criterion 10, but denied it under criteria 1, 1(B), 1(E), 1(G), 5, and 9(K).  Timberlake, by its present motion, seeks a grant of full party status under these Criteria.

       Adjoiners and other persons who wish to be parties in an Act 250 proceeding must show that they have "a particularized interest protected by this chapter that may be affected" by a determination made upon the relevant Act 250 criteria.  10 V.S.A. § 6085(c)(1)(E).  We regard this showing to be in the manner of an "offer of proof," since a person or entity requesting party status in an Act 250 proceeding is not required to show that it will prevail at trial, but merely that their interests "may be affected" by the proposed development.  Thus, we review the offers of evidence presented by Timberlake for a possible causal connection between the proposed future development and the impact that concerns Timberlake.

       Applicant Costco filed an objection to Timberlake's request, although the only argument offered by Costco was that the motion was "premature", given that the District #4 Environmental Commission ("District Commission") had not yet ruled on a motion to alter the appealed-from decision.  The District Commission thereafter issued its Memorandum of Decision on Costco's Motion to Alter on August 14, 2009.  Costco has offered no further objection to Timberlake's requests and no other party in this appeal has filed an objection.

       Timberlake first presents its arguments for why it is entitled to party status under criteria 5 and 9(K), which concerns a proposed development's

possible impact on traffic and public investments, including investments in public highways.  These arguments are strong, since Timberlake's commercial property also depends upon safe and clear access to the Roosevelt Highway, just as Costco does for its nearby commercial facility.  For these reasons, we conclude that Timberlake is entitled to party status under Act 250 criteria 5 and 9(K).

Timberlake next offers its arguments for party status under Act 250 criteria 1 (whether a proposed project will result in undue water or air pollution), 1(B) (whether the proposed development meets applicable waste disposal regulations); 1(E) (whether the proposed development will allow adjacent streams to be maintained in their natural condition "and will not endanger the health, safety, or welfare of the public or of adjoining landowners"); and 1(G) (whether proposed development will violate applicable wetlands rules).  10 V.S.A. §§ 6086(a)(1), (1)(B), (1)(E), and (1)(G).

Timberlake presents persuasive arguments under these collective criteria, alleging that the Costco facility may contribute to the discharge of stormwater and the pollutants and hazardous materials that sometimes flows with stormwater. But the evidence presented leaves uncertainties as to what is alleged and a gap in the causal connection to a particularized interest held by Timberlake.  For example, Timberlake's expert seems to allege that wetlands violations exist at the current Costco facility; we are left to wonder what allegation is made as to the proposed Costco expansion, which is the only development over which we have jurisdiction in this appeal.  To the extent violations exist at the current facility, the jurisdictional authority over such violations rests with the Natural Resource Board, under its enforcement authority.  Further, Timberlake makes numerous references to a shared stormwater basin, but we are left to wonder the relative proximity between the multiple wetlands and discharge basins Timberlake references.  Timberlake makes no reference to specific streams and regulated wetlands on the Costco project site, and no specific reference to a measurable increase in stormwater runoff that will be caused by the project expansion proposed in this application.  To the extent Timberlake makes reference to possible harm from future development at the Costco site, or adjoining commercial sites, such concerns can be addressed in those future permit proceedings; we have no jurisdiction to address such future possible concerns in this proceeding.

To receive or maintain party status, the requesting party must present some connection between the project under review and an interest that is protected by the various Act 250 criteria particular to them.  10 V.S.A. § 6085(c)(1)(E).  Since we cannot discern from the evidence Timberlake has thus far presented what impact, if any, may be caused by the Costco expansion under the identified Act 250 criteria, we must DENY their request for party status under Act 250 criteria 1, 1(B), 1(E), and 1(G).  In so ruling, we conclude that without an offer that identifies specific streams or protected wetlands on or near the Costco project site that the proposed expansion may impact, Timberland has not met the particularized showing required in 10 V.S.A. § 6085(c)(1)(E).

_____          __December 4, 2009____
        Thomas S. Durkin, Judge                              Date
===========================================================================
Date copies sent to:  _____          Clerk's Initials _____
Copies sent to: See attached service list.

Attorneys Jon T. Anderson and David W. Rugh for Appellant R.L. Vallee, Inc.
Attorney Pietro J. Lynn for Cross-Appellant Timberlake Assoc.
Attorney David Grayck, Co-Counsel for Cross-Appellant Timberlake Assoc.
Attorney Mark G. Hall for Cross Appellant Costco Wholesale Corp.
Attorney William H. Rice for Vt. Agency of Transportation
Attorney Catherine Gjessing for Agency of Natural Resources
Attorney John H. Hasen for Nat'l Resources Board/LU Panel (FYI purp. only)